IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 98-cr-00456-RPM-CBS

UNITED STATES OF AMERICA

       Plaintiff,

v.

KAYES AHMED,

       Defendant,

and

ADT TOTAL SOURCE,

       Garnishee.

**REPORT AND RECOMMENDATION REGARDING
WRIT OF GARNISHMENT**

Magistrate Judge Craig B. Shaffer

      THIS MATTER comes before the court on Defendant Ahmed's objections to the writ of continuing garnishment issued by the Clerk of Court on March 7, 2007, which directed ADP Total Source to withhold all non-exempt disposable earnings which it owed to Defendant Ahmed. On April 3, 2007, Defendant Ahmed filed a request for a hearing on the writ of garnishment pursuant to 28 U.S.C. § 3205(c)(5). By Order of Reference dated April 19, 2007, the District Court referred this matter to the Magistrate Judge "for the purpose of hearing and

1

recommendation for disposition."[1] This court held a hearing on the pending motion and Defendant's objections on May 9, 2007, and has carefully considered the parties' arguments, the entire case file and the applicable law. For the following reasons, the court finds that Defendant's objections lack legal merit.

The essential facts of the underlying criminal case are not in dispute. On October 8, 1999, the District Court entered a judgment against Defendant Ahmed under which the Defendant was ordered to pay criminal restitution in the amount of $1,500,000, as well as a special assessment of $100. The court has been advised that as of this date, the outstanding balance on Defendant's restitution obligation is $1,493,350.00. On March 2, 2007, the government applied for a writ of continuing garnishment directed to Defendant Ahmed's employer, ADP Total Source. The Clerk of Court issued the requested writ on March 7, 2007, thereby directing ADP Total Source to withhold all non-exempt disposable earnings which it owed to Ahmed. On March 19, 2007, ADP Total Source filed an answer to the writ of garnishment. According to ADP Total Source, Defendant Ahmed is paid $3,750.00 (gross) on a semi-monthly basis. ADP Total Source reports that Defendant's semi-monthly disposable earnings (gross pay less payroll tax deductions) total $2,819.54. The requested writ of continuing garnishment seeks to garnish 25% of Defendant's disposable earnings from ADP Total Source.

The government contends, and Defendant Ahmed apparently does not contest, that the only statutory exemption that might apply in this case arises under the Consumer Credit Protection Act, 15 U.S.C. § 1673(a), which provides that "the maximum part of the aggregate

---

[1] Pursuant to D.C.COLO.LCivR 72.1(B)(4)(c), magistrate judges in the District of Colorado are authorized to "hold hearings and make recommendations to the district judge on substantive issues including the liability of a party under a writ of garnishment."

disposable earnings of an individual for any workweek which is subject to garnishment may not exceed (1) 25 per centum of his disposable earnings for that week, or (2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage."[2] The government's Memorandum in Support of Garnishment argues that under the Consumer Credit Protection Act, the United States may garnish up to 25% of Defendant's weekly disposable earnings from ADP Total Source, which amounts to $352.44. Defendant Ahmed has not challenged the accuracy of the government's calculation or the factual representations provided by the garnishee.

In the context of garnishment proceedings, Defendant Ahmed is required to state the grounds for any objection to the requested writ and bears the burden of proving those grounds. *See* 28 U.S.C. § 3205(c)(5). During the hearing on May 9, 2007, Defendant Ahmed argued against the writ of garnishment based upon his diminished employment prospects in the wake of his criminal conviction and the uncertain financial prospects of his current employer. Rather than garnishing the earnings owed by ADP Total Source, Defendant Ahmed suggested that the government's prospects for recovering restitution would be enhanced by negotiating an unspecified compromise settlement. While these arguments may well describe Defendant Ahmed's current financial circumstances and his long-term prospects, they do not set forth a legal basis for exemption from garnishment. *Cf. United States v. Hanhardt*, 353 F. Supp.2d 957, 960-

---

[2]This exemption under the Consumer Credit Protection Act is made applicable to criminal restitution judgments pursuant to 18 U.S.C. § 3664(m)(1)(A)(I), which provides that restitution judgments shall be enforced in the same manner as fine judgments, and 18 U.S.C. § 3613(a), which provides that the United States may enforce a judgment imposing a fine "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law."

61 (N.D. Ill. 2004) (in a case where the court had ordered the criminal defendant to pay $5,145,000 in restitution, held that defendant's claim of financial hardship would not take priority over the government's right to restitution).  The court's own research has found no authority that would support for Defendant's "objection."

Accordingly, I recommend that the District Court overrule Defendant Ahmed's objections and grant the government application for writ of continuing garnishment.

**Advisement to the Parties.**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which a specific objection is made.  28 U.S.C. § 636(b)(1).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *One Parcel of Real Property*, 73 F.3d at 1060.  Failure to make timely objections may

bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).

DATED this 14th day of May, 2007.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge